UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA COOPER | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| ALLIED INTERSTATE, INC. | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Cassandra Cooper, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.  Plaintiff, Cassandra Cooper (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Cassandra Cooper, is an adult natural person residing at 5001 N. 11th Street, Philadelphia, PA 19141. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Allied Interstate, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and has a principal place of business located at 800 West Interchange, 435 Ford Road, Minneapolis, MN 55426.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around June 2010, the Plaintiff began receiving phone calls from the Defendant regarding an alleged debt of $93.00 due to Columbia House.

8. On or around June 29, 2010, the Defendant tried contacting the Plaintiff seven times.

9. The Plaintiff receives phone calls from the Defendant on a daily basis.

10. On or around July 1, 2010, the Plaintiff received a phone call from the Defendant's agent, "Jewel," regarding payment arrangements.

11. The Plaintiff explained to the Defendant's agent that she would not be able to make a payment until July 30, 2010 due to the fact that she does not have a credit card to pay over the phone with as per the Defendant's request.

12. The Plaintiff told the Defendant that Plaintiff will need to get a prepaid Visa card in order to make a payment over the phone but will be unable to do that right away.

13. The agent of the Defendant transferred the Plaintiff to the agent's manager who sounded annoyed by the arrangement the Plaintiff was trying to make.

14. The Plaintiff asked the Defendant if there was a problem with the arrangement and then the manager yelled, "Yeah! You owe the money and you need to pay!"

15. The Defendant's manager continued to raise his voice to the Plaintiff in which the Plaintiff responded by telling the manager not to call anymore before hanging up the phone.

16. The Defendant immediately called back and the Plaintiff's husband answered the phone.

17. The Defendant began rudely questioning the Plaintiff's husband asking, "Who are you, what is your name?"

18. The Plaintiff's husband explained to the Defendant's agent the he heard the conversation between the Plaintiff and the Defendant and asked whether the Defendant records the phone calls in which the agent responded that they do not.

19. The Plaintiff's husband then requested to speak to a supervisor but was told by the Defendant's agent that they do not have a supervisor.

20. The Defendant's agent was very unprofessional and continuously talked over the Plaintiff's husband getting loud when the Plaintiff's husband told the agent to stop calling.

21. The agent of the Defendant continued raising his voice before hanging up on the Plaintiff's husband.

22. The Defendant then called the Plaintiff back four times in a row and each time the Plaintiff answered there was silence on the Defendant's end.

23. The Defendant called the Plaintiff for the fifth time and a left an automated message on the Plaintiff's machine stating the nature of the call and to call back immediately.

24. The Plaintiff felt very disrespected and degraded by the way the Defendant approached the situation.

25. The Defendant continues to call the Plaintiff on a daily basis.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT I – FDCPA

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692c(b): | With anyone except the consumer, consumer's attorney, or credit bureau concerning the debt |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(2): | Profane language or other abusive language |
| § 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| § 1692d(6): | Placed telephone calls without disclosing his/her identity |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

§ 1692g: Failure to send the consumer a 30-day validation notice within five days of the initial contact

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Allied Interstate, Inc. for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: July 7, 2010

BY: _____
Bruce K. Warren, Esquire

BY: _____
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff